IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Sean Massey<br>Miranda L. Massey<br>     Debtors | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION<br>(TRUSTEE FOR THE PENNSYLVANIA<br>HOUSING FINANCE AGENCY)<br>     Movant<br>vs. | NO. 15-18259 JKF |
| Sean Massey<br>Miranda L. Massey<br>     Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>     Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on the Debtors' residence is **$10,398.99**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | March 2016 through October 2016 at $908.00 |
| | November 2016 through December 2016 at $955.00 |
| Late Charges: | March 2016 through November 2016 at $22.11 |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 MFR Fee; $176.00 Filing Cost) |
| **Total Post-Petition Arrears** | **$10,398.99** |

2. The Debtors shall cure said arrearages in the following manner:

  a). Within seven (7) days of the filing of this Stipulation, Debtors shall tender a down payment of **$2,700.00** to Movant and file an Amended Chapter 13 Plan to include the remaining post-petition arrears of **$7,698.99** along with pre-petition arrears.

  b). Movant shall file an Amended Proof of Claim to include the remaining post-petition arrears of **$7,698.99** along with the pre-petition arrears.

  c). The new 410A form for a Proof of Claim shall not be required for this Amended Proof of Claim.

  d). Beginning January 1, 2017, Debtors shall pay the present regular monthly payment of $955.00 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or

before the first (1st) day of each month (with late charges being assessed after the 15th of the month), at the address below:

PHFA Loan Servicing Division, 211 North Front Street, Harrisburg, PA 17101.

e). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should Debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' Attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 5, 2016

By:   /s/ Denise Carlon, Esquire
Denise Carlon, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 12-7-16

Michael A. Cataldo Esq.
Attorney for Debtors

X Sean Massey
Debtor

Approved by the Court this 14th day of December, 2016. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Jean K. Fitzsimon